IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SIMON ERNESTO SILIEZAR, )
)
Petitioner, )
)
v. ) Civil Action No. 3:09CV706-HEH
)
BRYAN WATSON, )
)
Respondent. )

## MEMORANDUM OPINION

Simon Ernesto Siliezar, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the one-year statute of limitations governing federal habeas petitions. Siliezar has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On January 30, 2004, Siliezar was convicted by jury trial in the Circuit Court of Arlington County ("Circuit Court") of murder by mob, gang participation, and unlawful bodily injury by caustic substance. On August 18, 2004, the Circuit Court sentenced Siliezar to fifteen years for murder by mob, four years for criminal gang participation, and one year for unlawful bodily injury by caustic substance. (Mot. Dismiss Ex. 1.) Siliezar appealed his convictions to the Court of Appeals of Virginia. The Court of Appeals denied Siliezar's Petition for Appeal on April 15, 2005. Siliezar then filed a Petition for

Appeal in the Supreme Court of Virginia. The Supreme Court of Virginia denied his petition on April 24, 2007. *Siliezar v. Commonwealth*, No. 062222 (Va. Apr. 24, 2007); (Mot. Dismiss Ex. 7).

On January 8, 2008, Siliezar filed a petition for a writ of habeas corpus in the Circuit Court.[1] The Circuit Court dismissed the petition on September 25, 2008. *Flores-Siliezar v. Watson*, No. CL08-249 (Va. Cir. Sept. 25, 2008); (Mot. Dismiss Ex. 10). In that petition, Siliezar raised two Confrontation Clause issues, which the Circuit Court refused to review because Siliezar had raised the same issues on direct appeal. *Flores-Siliezar v. Watson*, No. CL08-249, at 2–3 (Va. Cir. Sept. 25, 2008) (citing *Hawks v. Cox*, 211 Va. 91, 95, 175 S.E.2d 271, 274 (1970); *Henry v. Warden*, 265 Va. 246, 247, 576 S.E.2d 495, 496 (2003)); (Mot. Dismiss Ex. 10).

On September 18, 2009, the Supreme Court of Virginia received Siliezar's petition for appeal. The Court dismissed the petition on October 15, 2009 because Siliezar "failed

---

[1] This is the date of the postmarked envelope in which Siliezar mailed his petition. Virginia Supreme Court Rule 3A:25 provides that:

> In actions brought under Code § 8.01-654 [the Virginia habeas provision], filed by an inmate confined to an institution, a paper is timely filed if deposited in the institution's internal mail system, with first-class postage prepaid on or before the last day for filing. Timely filing of a paper by an inmate confined to an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

to file the notice of appeal in the circuit court and failed to timely file the petition for appeal." *Flores-Siliezar v. Watson*, No. 091905 (Va. Oct. 15, 2009) (citing Va. Sup. Ct. R. 5:9(a), 5:17(a)(1))[2]; (Mot. Dismiss Ex. 11).

Siliezar now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on October 27, 2009.[3] Siliezar's asserted grounds for relief are identical to the grounds that Siliezar previously asserted in his state-court petition for a writ of habeas corpus.[4] (§ 2254 Pet. 6–7.) The Respondent has raised the relevant statute of limitations as a defense.

---

[2] Va. Sup. Ct. R. 5:9(a):

> No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court pursuant to Rule 5:5(a), counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel. A notice of appeal filed after the court announces a decision or ruling—but before the entry of such judgment or order—is treated as filed on the date of and after the entry.

Va. Sup. Ct. R. 5:17(a)(1):

> In every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court within the following time periods: (1) in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from.

[3] A notice of appeal by a *pro se* prisoner is deemed filed upon delivery to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] Specifically, Siliezar claims that his Sixth Amendment right to confront witnesses was violated because non-testifying co-defendants' statements were introduced as evidence in his trial. Siliezar also complains of his denial of "the right to appeal an appealable issue"—namely, the Confrontation Clause issue. (§ 2254 Pet. 7 (capitalization corrected).)

3

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that Siliezar's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Section 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the Supreme Court of Virginia refused Siliezar's direct appeal on April 24, 2007. Siliezar therefore had until July 23, 2007 to file a petition for a writ of certiorari to the Supreme Court of the Untied States. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Sup. Ct. R. 13.1 (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Pursuant to Section 2244, Siliezar had one year, or until Wednesday, July 23, 2008, to file any federal habeas challenge to his conviction or sentence, unless this period was statutorily tolled. 28 U.S.C. § 2244(d)(1)(A).

## B. Statutory Tolling

The statute of limitations ran for 168 days before Siliezar filed his state habeas petition in the Circuit Court. The statute of limitations was tolled from January 8, 2008 until September 25, 2008, the period during which Siliezar's state habeas petition was pending. 28 U.S.C. § 2244(d)(2). Although the statute of limitations resumed running when the Circuit Court denied his petition on September 25, 2008, Siliezar waited an additional 396 days before filing his federal petition.[5] The statute of limitations therefore

---

[5]Although Siliezar pursued an appeal from the Circuit Court's decision, he is not entitled to statutory tolling for the time during which the petition was pending before the Supreme Court

5

ran for a total of 564 days before Siliezar filed a petition for a writ of habeas corpus in federal district court. This exceeds AEDPA's one-year statute of limitations. Siliezar's Section 2254 petition is therefore time-barred.

## C. Equitable Tolling

Siliezar raises four grounds for equitable tolling of the limitation period. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding that 28 U.S.C. § 2254(d) is subject to equitable tolling). He claims lack of knowledge about (1) the judicial system, (2) the English language, and (3) the law itself. (§ 2254 Pet. 14.) He also claims that the Court's filing of his Motion for Extension of Time on Habeas Corpus Proceedings (Dk. No. 3) excused his belated filing. (Pet'r's Br. Opp'n Resp't's Mot. Dismiss 3.)

"[E]quitable tolling is available only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *Id.*

---

of Virginia because the appeal was not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413–16 (2005); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Because the Supreme Court of Virginia dismissed the appeal for failure to comply with Virginia Supreme Court Rule 5:17(a), Siliezar is not entitled to any further tolling of the limitation period. *Bailey v. Johnson*, No. 1:08cv842 (LO/TRJ), 2009 WL 2232747, at *2–3 (E.D. Va. July 20, 2009).

(quoting *Rouse*, 339 F.3d at 246). Additionally, a petitioner bears the burden of demonstrating that he acted with due diligence. *See Pace*, 544 U.S. at 418.

Siliezar's first and third claims—ignorance of the judicial system and the law itself—do not provide him relief. "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Sosa*, 364 F.3d at 512 (citing four cases from other United States Courts of Appeals holding the same). Accordingly, Siliezar's first and third claims are without merit.

Siliezar's second claim—that he lacks knowledge of the English language—is "vitiated by [his] conduct in seeking collateral review of his conviction." *Id.* Siliezar has had no problem communicating with the Court in any of his pleadings.

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008). Accordingly, Siliezar's second claim is without merit.

Furthermore, Siliezar is not entitled to equitable tolling because he fails to demonstrate that he has been pursuing his rights diligently. *Pace*, 544 U.S. at 418–19. "In order to make the requisite showing of diligence the petitioner 'must allege with specificity the steps he took to diligently pursue his federal claims.'" *Ocon-Parada v. Young*, 3:09cv87, 2010 WL 2928590, at *8 (E.D. Va. July 23, 2010) (quoting *Yang*, 525

F.3d at 930). For example, in *Yang,* the petitioner was an inmate of Vietnamese descent who claimed that, *inter alia,* his limited skills in English and unfamiliarity with the law effectively prevented him from filing a timely habeas petition. *Yang,* 525 F.3d at 928–29. The United States Court of Appeals for the Tenth Circuit concluded that Yang was not entitled to equitable tolling because he had "not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries." *Id.* at 930. Yang's "conclusory statement that he 'diligently pursued his rights and remedies' [did] not suffice" to establish his diligence. *Id.* at 930.

Siliezar's fourth claim is that this Court's acceptance and filing of his Motion for an Extension of Time to file his Section 2254 petition excused the belated filing. Siliezar is misguided. Such "accept[ance]" does not remove the statutory requirements for filing. (Pet'r's Br. Opp'n Resp't's Mot. Dismiss 3.) The Court merely filed Siliezar's motion and processed his petition. This is not a ground for equitable tolling.

Siliezar has not demonstrated any meritorious grounds for equitable tolling of the limitation period, nor has he shown that one of the later commencement dates for the limitation period applies. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). The petition must therefore be denied as untimely.

F.3d at 930). For example, in *Yang,* the petitioner was an inmate of Vietnamese descent who claimed that, *inter alia,* his limited skills in English and unfamiliarity with the law effectively prevented him from filing a timely habeas petition. *Yang,* 525 F.3d at 928–29. The United States Court of Appeals for the Tenth Circuit concluded that Yang was not entitled to equitable tolling because he had "not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison boundaries." *Id.* at 930. Yang's "conclusory statement that he 'diligently pursued his rights and remedies' [did] not suffice" to establish his diligence. *Id.* at 930.

Siliezar's fourth claim is that this Court's acceptance and filing of his Motion for an Extension of Time to file his Section 2254 petition excused the belated filing. Siliezar is misguided. Such "accept[ance]" does not remove the statutory requirements for filing. (Pet'r's Br. Opp'n Resp't's Mot. Dismiss 3.) The Court merely filed Siliezar's motion and processed his petition. This is not a ground for equitable tolling.

Siliezar has not demonstrated any meritorious grounds for equitable tolling of the limitation period, nor has he shown that one of the later commencement dates for the limitation period applies. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). The petition must therefore be denied as untimely.

## III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dk. No. 16) will be granted. Petitioner's petition for relief under 28 U.S.C. § 2254 will be denied, and the action will be dismissed.

An appeal may not be taken from the final order in a Section 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Siliezar is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                              /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: Jan. 24 2011
Richmond, Virginia